FILED BY _____ D.C.

05 AUG 25 PM 3: 50

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDRE BOUSQUET, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | No. 04-3054 DP |
| V. ) | |
| ) | |
| AUTONATIONS USA, INC. and ) | |
| AUTONATIONS, INC., ) | |
| ) | |
| Defendants ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is the motion (dkt. # 13) of Defendants AutoNation, Inc. and AutoNation USA Corporation, Inc. (collectively "Defendants") to dismiss the complaint of Andre Bousquet ("Plaintiff") pursuant to Rules 12(b)(5) and 12(b)(4) of the Federal Rules of Civil Procedure. For the following reasons, the Court **DENIES** Defendants' motion to dismiss.

Defendants first argue that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff did not meet the 120-day requirement under Rule 4(m) and because Plaintiff did not serve an authorized agent under Rule 4(h). Rule 12(b)(5) enables a defendant to file a motion to dismiss for a plaintiff's failure to effect service of process. Rule 4 of the Federal Rules of Civil Procedure outlines the service requirements. Courts construe provisions of Rule 4 liberally in order to uphold service, requiring only "substantial compliance." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

1

Rule 4(m) governs the length of time permitted for service of process. Rule 4(m) states in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Defendants argue that Plaintiff did not meet the Rule 4(m) requirement of service of process within 120 days, and, thus, the complaint should be dismissed. In fact, Defendants contend that Plaintiff never served Defendants.

When a plaintiff fails to perfect service within 120 days after filing a complaint, the plain meaning of the rule gives a district court the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of whether the plaintiff has demonstrated good cause. See Henderson v. United States, 517 U.S. 654, 662 (1996); Osborne v. First Union Nat. Bank of Delaware, 217 F.R.D. 405, 406 (S.D. Ohio 2003). The Advisory Committee notes following Rule 4(m) state:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Fed. R. Civ. P. 4, Advisory Committee Notes, Rule 4, subdivision (m). Furthermore, in Henderson, the United States Supreme Court noted that the 1993 amendments to the Rules afford courts discretion to expand the 120-day period, even if the plaintiff does not show good cause. 517 U.S. at 662. "The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow." Id. at 663.

2

Plaintiff did not respond to Defendants' motion and thus did not argue that he had good cause for the delay in service of process. Therefore, the choices available to the Court are to dismiss without prejudice or to allow extra time for Plaintiff to effect service of process on Defendants. As Defendants are not prejudiced by the delay, it would be nonsensical to dismiss the action without prejudice so that Plaintiff could bring the action again with timely service. Thus, the Court exercises its discretion and extends the time allowable for service.

Defendants further submit that Plaintiff's service was improper because service was attempted to Corporation Service Company ("CSC"), who was authorized to accept service for AutoNation USA Corporation but not AutoNation, Inc. Thus, Defendants assert, the complaint should be dismissed for improper service, pursuant to Federal Rule of Civil Procedure 4(h).

Rule 4(h) states in pertinent part that service must be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

Plaintiff completed service of process to Defendants to CSC, who was the registered agent of AutoNation USA Corporation. Because Defendants admit that CSC was the registered agent of AutoNation USA Corporation and Plaintiff directed delivery to CSC, the Court finds that Defendants cannot defeat service by claiming that service did not occur because CSC was not authorized to accept service for the misnamed, nonexistent Defendants, when it was the proper registered agent for AutoNation USA Corporation. Therefore, the Court denies Defendants' motion to dismiss based on improper service pursuant to Rule 12(b)(5).

Defendants next argue that process was insufficient under Rule 12(b)(4) of the Federal Rules of Civil Procedure. Rule 12(b)(4) permits a defendant to file a motion to dismiss for insufficiency

3

of process. In this case, Defendants assert that Plaintiff served the wrong defendant. They contend that Dobbs Ford of Memphis a/k/a Dobbs Ford at Wolfchase was Plaintiff's employer. Defendants further contend that the correct name of the corporate entity for Dobbs Ford is AutoNation, Inc., instead of AutoNations, Inc. or AutoNations USA Corporation, whom Plaintiff attempted to serve.

Defendants contend that under Rule 15, Plaintiff cannot cure the defects in service at this time because he was not within the 120-day period allowed under Rule 4(m). Rule 15(a) states in pertinent part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Moreover, Rule 15(a) adds that a plaintiff may amend his complaint by leave of court and that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Thus, the Court holds that Plaintiff may amend his complaint to name the proper parties to this action.

Defendant further alleges that any amendment made by the Plaintiff will not relate back to the date of the original pleading. Rule 15(c) of the Federal Rules of Civil Procedure states in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when . . .
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

4

Fed.R.Civ.P. 15(c).

Here, the claim that Plaintiff will assert in his amended pleading arose out of the conduct, transaction, or occurrence that was attempted to be set forth in the original complaint. As discussed above, the Court now extends the time provided by Rule 4(m), so the complaint is timely served. Furthermore, Defendants have clearly received notice of the institution of the action and so will not be prejudiced in maintaining a defense on the merits. Finally, Defendants knew or should have known that, but for the mistake in the identity of the proper parties, the action would have been brought against Defendants. The Court holds, therefore, that Plaintiff's amended complaint will relate back to the date of the original complaint. Accordingly, the Court denies Defendant's motion to dismiss based on insufficiency of process.

For the aforementioned reasons, the Court **DENIES** Defendant's motion to dismiss. Moreover, the Court *sua sponte* directs the Plaintiff to cure the defects in service. Plaintiff has thirty days from the date of this order to amend the complaint, naming the correct Defendants, and to correct any defect in service.

**IT IS SO ORDERED** this 24th day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:04-CV-03054 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Drayton D. Berkley
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT